**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KEREN SITA,** | * | |
| PLAINTIFF, | * | |
| V. | * | **CIVIL ACTION NO. 1:26-CV-01419** |
| **CHAMPLAIN HOUSING TRUST, ET AL.** | * | |
| DEFENDANTS. | * | |

* * * * * * * * * * * * * *

**<u>RESPONSE OBJECTING TO PLAINTIFF'S MOTION/APPLICATION (ECF 2)</u>**

NOW COMES Defendant Champlain Housing Trust ("CHT"), by and through undersigned counsel, and hereby respectfully submits that this Court should deny Plaintiff Keren Sita's April 24, 2026, Motion for Leave to Proceed *in forma pauperis* (the "Application") (ECF 2) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In support thereof, CHT offers the following in response objecting to the Application.

## INTRODUCTION

Plaintiff, a prolific, vexatious and abusive pro se litigator in various states and jurisdictions, seeks to proceed *in forma pauperis* ("IFP") in the instant matter to relitigate claims against CHT which a Vermont state court has already dismissed with prejudice. In light of Plaintiff's extensive history of frivolous and malicious litigation and naked abuse of the IFP privilege, the Court should prospectively deny Plaintiff's Application pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), dismiss this action, and require her to pursue any attempts at relitigating her moot claims against CHT at her own expense.

## I. Background

In the past three years, Plaintiff has filed at least 54 pro se cases against a laundry list of defendants, including, among many others, her childhood dentist, an Olympic rugby player, the governor of Vermont, the Roc Nation entertainment company, the United States Department of Housing and Urban Development ("HUD"), Airbnb, a self-storage company, her alma mater, her own former attorneys, and the Five Guys restaurant chain. Plaintiff has filed twenty-eight (28) cases in federal court[1]— twenty-three (23) in the District of Vermont, one (1) in the Illinois Northern District Court, and five (5) in the District of Columbia District Court—and twenty-six (26) in Vermont state courts, not counting appeals. In the vast majority of these cases, Plaintiff has sought and received IFP status. At the time of writing, courts have dismissed thirty-six (36) of those cases. Documents summarizing Plaintiff's litigation activity in federal court and Vermont state court are attached hereto as **Exhibit A**.

Plaintiff's lawsuits have been invariably frivolous, malicious, or both. In representative part, Plaintiff has pursued multiple quixotic claims for "beauty discrimination" (*e.g.*, in her prior Vermont state court suits against CHT, dockets 24-CV-02286 and 24-CV-04814, and in her various claims against an Airbnb host, including in Vermont state court docket 23-CV-01436 and District of Vermont docket 2:2024cv00389), sought outlandish sums for minor slights (*e.g.*, seeking $1.7 million from Five Guys for not giving her a refund for a milkshake in a Vermont state court suit, docket number 23-CV-01434), and repeatedly refiled effectively identical lawsuits despite prior dismissals with prejudice, settlement agreements, or expired statutes of limitation.

[1] This count excludes a perhaps erroneous duplicate case against HUD that appears on PACER, as well as any additional cases that may have been filed in the days since counsel finished drafting this opposition.

Indeed, all five of Plaintiff's cases pending before this District, in which she uniformly seeks to proceed *in forma pauperis*, substantively duplicate prior cases which have already been adjudicated and dismissed by other courts multiple times, often with prejudice:

- The instant case represents the third time Plaintiff has sued CHT in connection with her removal from temporary housing at one of CHT's managed properties in 2023. Plaintiff filed both prior suits in Vermont Superior Court, in dockets 24-CV-02286 and 24-CV-04814. Both cases have been dismissed, most recently with prejudice. In addition, while in the process of finalizing this opposition, counsel learned that Plaintiff filed a second federal complaint against CHT in the District of Vermont, in docket 2:2026-cv-00193, apparently asserting the same general claims as in the instant matter.
- *Sita v. U.S Department of Education, et al.*, 1:26-cv-01420 represents the third time Plaintiff has sued Champlain College in connection with her negative experience attending Professor Flavio Rizzo's "Global Condition" class in 2019. Plaintiff filed both prior suits in the District of Vermont, in dockets 2:2024cv00390 and 2:2025cv00238. Both cases have been dismissed, with the court in its Order at pages 5 through 6 specifically singling out Plaintiff's federal claims for dismissal with prejudice due to expired statutes of limitation. Order Dismissing Amended Complaint, *Keren Sita v. Champlain College, et al.*, Case No. 2:25-cv-00238 (filed Dec. 5, 2025) (ECF 8).
- *Sita v. Community Health Centers of Burlington, et al.*, 1:26-cv-01421, represents the third time Plaintiff has sued Community Health Centers of Burlington and Julia Zdanowicz in

connection with Plaintiff's removal from a medical clinic. Plaintiff filed both suits in the District of Vermont, both of which have been dismissed.[2]

- *Sita v. U.S Department of Housing and Urban Development, et al.*, 1:26-cv-01422, represents the fourth time Plaintiff has sued HUD and Jordan Staley in connection with alleged restrictions placed on Plaintiff's communications with HUD officials during a housing discrimination investigation arising from the same alleged facts as the instant matter. HUD subsequently dismissed her housing discrimination complaint with no adverse findings against CHT. Plaintiff filed both prior suits in the District of Vermont, in dockets 2:2024cv00899 and 2:2025cv00256, both of which have been dismissed. Notably, when dismissing the latter case, the court warned Plaintiff in its Order on page 9 against filing additional suits "concerning the same events" on pain of a filing injunction and the Judgment stated that "any appeal would not be taken in good faith." Order *and* Judgment in a Civil Action, *Keren Sita v. U.S. Department of Housing and Urban Development, et al.*, Case No. 2:25-cv-256 (D. Vt. filed Dec. 10, 2025) (ECF 8, 9).
- *Sita v. Karen Sperry, D.D.S., et al.*, 1:26-cv-01400, represents the fifth time Plaintiff has sued Karen Sperry and the Vermont Department of Children and Families in connection with a dental procedure Plaintiff received in 2012. Plaintiff previously filed suit twice in the District of Vermont in dockets 2:2023cv00643 and 2:2024cv00372, and twice in

[2] Mere days after filing her suit in this District, Plaintiff also filed a fourth suit based on the same allegations against Community Health Centers of Burlington in the District of Vermont, in docket 2:26-cv-00192.

Vermont Superior Court, in dockets 25-CV-02232 and 26-CV-00939.[3] All four cases have been dismissed, the latter federal case with prejudice.

In the instant matter, Plaintiff seeks this Court's permission to proceed IFP so that she may relitigate claims for free that a Vermont state court dismissed with prejudice on April 9, 2026.[4] A true and accurate copy of the decision dismissing that case and the subsequent judgment order are attached hereto as **Exhibit B**. The instant suit replicates the same causes of action as Plaintiff unsuccessfully pursued in Vermont state court: discrimination and disparate treatment in violation of the Fair Housing Act, retaliation in violation of the Fair Housing Act, and wrongful eviction (erroneously described as "constructive eviction" in Plaintiff's state suit). A true and accurate copy of Plaintiff's Vermont state court complaint is attached hereto as **Exhibit C**. The Vermont state court dismissed Plaintiff's claims with prejudice after Plaintiff refused to comply with her discovery obligations, culminating in Plaintiff's failure to attend a properly noticed deposition, a failure which the court found to have been in bad faith and a direct violation of a court order. Ex. B. Under Vermont law, dismissing a case as a discovery sanction operates as an adjudication on the merits. *See* V.R.C.P. 41(b)(3) (unless otherwise provided, involuntary dismissals "operate[] as an adjudication upon the merits"); *cf. Deutsche Bank v. Pinette*, 2016 VT 71, ¶ 18, 292 Vt. 328, 149 A.3d 479 (Vt. 2016). Thus, Plaintiff's Fair Housing Act and "wrongful eviction" claims have been adjudicated on the merits, dismissed with prejudice, and Plaintiff has no good faith basis for

---

[3] Mere days after filing her suit in this District, Plaintiff filed a <u>sixth</u> suit based on the same allegations against Karen Sperry and the Vermont Department of Children and Families in the District of Vermont, in docket 2:26-cv-00186.

[4] While Plaintiff has named two new defendants in the instant suit in addition to CHT, no one named "Cindy Reid" has ever worked for CHT, nor do any of Plaintiff's allegations mention this "Cindy Reid" or U.S. Department of Housing and Urban Development.

bringing the instant matter except as a means of harassing CHT and continuing to drive up defense costs.

Plaintiff has also explicitly admitted to CHT's Vermont counsel in the state court proceeding that she views her IFP status as a *de facto* license to file harassing lawsuits. During the state court proceeding, Plaintiff boasted to CHT's counsel that she "get[s] to file for free," views her IFP status as license to "go before the court as many times as [she] need[s] to, with as many petitions as [she] want[s]—for free," and threatened that she would continue filing suits against CHT until it paid her settlement demands or otherwise "pay[s] a price." A true and accurate copy of this communication is attached hereto as **Exhibit D**. The instant case, filed within days of the Vermont state court dismissing Plaintiff's claims with prejudice, plainly constitutes an attempt to follow through on that threat.

## II. Legal Standard

"No one, rich or poor, is entitled to abuse the judicial process." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (quoting *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)). "The United States Code allows federal courts to authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees, but also requires them to dismiss frivolous or malicious cases and cases seeking monetary relief from defendants immune therefrom." *Hurt v. Social Security Administration*, 544 F.3d 308, 309 (D.C. Cir. 2008) (citing 28 U.S.C. §§ 1915(a), (e)(2)) (internal quotation marks omitted). Courts have the discretion to prospectively deny or revoke a *pro se* plaintiff's IFP status when that plaintiff abuses the IFP privilege by, *e.g.*, engaging in abusive or vexatious litigation. *Ruston v. U.S. Secret Service*, 751 F. Supp. 2d 59, 61 (D.D.C. 2010) (collecting cases); *see Hurt*, 544 F.3d at 310 ("If [the three-strike prospective IFP denial] rule is appropriate for prisoners, who are severely limited in their ability

to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants."). "A complaint is 'frivolous where it lacks an arguable basis either in law or in fact.'" *Abiodun v. Holder*, 86 F. Supp. 3d 11, 13 (D.D.C. 2015) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint may be found malicious where the plaintiff "has a history of filing frequent and repetitive lawsuits [where] these relentless filings are harassing to the Court." *Id.* (brackets in original) (citation and quotation marks omitted). Litigation may also be deemed malicious where a plaintiff files suit in a new forum to avoid pre-filing injunctions or other restrictions imposed by another court. *See id.* at 14.

In deciding whether to deny or revoke a *pro se* plaintiff's IFP status, courts consider "the number, content, frequency, and disposition of [plaintiff's] previous filings to determine if there is a pattern of abusing the IFP privilege in [her] litigation history." *Ruston v. U.S. Secret Service*, 751 F. Supp. 2d 59, 61 (D.D.C. 2010) (quoting *Butler v. Department of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007)). Courts will prospectively or retroactively revoke a *pro se* litigant's IFP status if the number, content, frequency, and disposition of prior filings "shows an especially abusive pattern, aimed at taking advantage of the IFP privilege." *Hurt*, 544 F.3d at 310. Courts "may take judicial notice of, and rely upon, the rulings of other courts" in making this determination. *Ruston*, 751 F. Supp. 2d at 61.

## III. Argument

The number, content, frequency, and disposition of Plaintiff's prior filings resoundingly show that the Court should reject Plaintiff's Application and deny her IFP status. If Plaintiff insists on relitigating her already-adjudicated claims against CHT, her case should be dismissed under the Court's authority found in 28 U.S.C. § 1915(e)(2)(B)(i), as the action "is frivolous or malicious".

Plaintiff's high volume of filings speaks for itself. Plaintiff has filed over 50 cases in three years, in all of which she has proceeded *pro se* and has either sought or received IFP status. Such a high number of complaints strongly militates in favor of prospectively denying Plaintiff IFP status. *See, e.g., Butler*, 492 F.3d at 446–47 (denying IFP where plaintiff filed 15 cases over four years); *Ruston*, 751 F.Supp.2d at 61–62 (revoking IFP status where plaintiff filed 178 cases nationwide over nine years and 21 in the District Court of the District of Columbia alone over five years); *Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 419 (D.C. Cir. 2009) (denying IFP where plaintiff filed 65 cases over fifteen years). The frequency of Plaintiff's lawsuits also speaks for itself. Not only has Plaintiff filed dozens of lawsuits over the past few years, but she also regularly files multiple lawsuits simultaneously. For example, since April 22, 2026, Plaintiff has filed at least twelve (12) cases in federal court. Of those cases, five have been filed in this District, with four of those five cases filed on the same day, a telltale sign of abusing the IFP privilege. *See Ruston*, 751 F. Supp. 2d at 61 ("[P]laintiff has filed 178 cases nationwide since 2001, some on the same day and many within days of each other.")

Despite Plaintiff's high volume of lawsuits and filing frequency, the disposition of her cases has been extremely lopsided. To date, Plaintiff has never, even once, succeeded, or come close to succeeding, in any of her *pro se* lawsuits; instead, over two thirds of her lawsuits have been dismissed, often with prejudice. Indeed, many of Plaintiff's federal cases have been dismissed *sua sponte* for lack of subject matter jurisdiction. *See, e.g.*, Order, *Keren Sita v. Access Self Storage of Williston, et al.*, Case No. 2:24-cv-00387 (D. Vt. filed Feb. 7, 2025) (ECF 9); Order, *Keren Sita v. Barry Meinterth, et al.*, Case No. 2:24-cv-00389 (D. Vt. filed Feb. 12, 2025) (ECF 8).

As for the content of Plaintiff's lawsuits, they almost entirely consist of frivolous or malicious claims (or, frequently, both). While Plaintiff's current cases before this District may be

atypically subdued in their framing with noted exceptions, such as her allegations in *Keren Sita v. Sperry*, case no. 1:26-cv-01400, that her childhood dentist engaged in "biological sabotage" to "destroy Plaintiff's beauty, oral sexual abilities and 'biological capital'" by installing a dental prosthetic Plaintiff found aesthetically displeasing, each of these cases have been adjudicated before. Even a cursory perusal of Plaintiff's filing history reveals the fundamentally unserious legal theories underpinning them. The cases before this District, including the instant case, also typify Plaintiff's penchant for repeatedly refiling the same lawsuits *ad nauseum* while paying no heed to limitations or dismissals with prejudice despite explicit court warnings—in other words, textbook malicious litigation. *See Abiodun*, 86 F. Supp. 3d at 14.

Even in those rare instances where Plaintiff's complaints allege theoretically plausible causes of action, her litigation strategies invariably reveal her objective: harassment, not good faith attempts to resolve colorable legal disputes. When litigating her claims, Plaintiff frequently flaunts her obligations under the civil rules and refuses to observe even basic decorum, often using her court filings as a platform to hurl personal insults and inflammatory, non-sequitur accusations against defendants, opposing counsel, and the assigned judges.

For example, when faced with the prospect of actually supporting her discrimination claims against CHT in the Vermont state court proceeding, Plaintiff repeatedly and explicitly refused to abide by her discovery obligations, declining to provide any substantive responses to CHT's discovery requests whatsoever, and even going so far as to refuse to attend a court-ordered deposition. All the while, Plaintiff repeatedly filed frivolous motions attempting to strike CHT's affirmative defenses for lack of evidence or dictate how CHT staffed its defense team. Plaintiff's papers typically relied on incorrectly attributed or outright fabricated caselaw and, as the court noted in two separate orders dated October 29, 2025, and January 12, 2026, often "include[d]

discussions of extraneous and irrelevant material, harassing and vexatious allegations of racism, comments about opposing counsel, the court and judges, and other material that violates the Court's expectations of civility and professionalism and that has no place in submissions to the Court." True and accurate copies of these orders are attached hereto as **Exhibit E**. By the time the court finally dismissed Plaintiff's claims, Plaintiff had incurred almost $12,000 in sanctions due to her abusive conduct and frivolous motion practice. Ex. B. Plaintiff's immediate rush to refile her claims in this District after dismissal only emphasizes the bad faith animating her litigation against CHT and the inappropriateness of allowing Plaintiff to proceed IFP—no competent litigator acting in good faith, *pro se* or otherwise, would immediately refile the same case in another forum within days of it being dismissed with prejudice.

Ultimately, even a cursory review of Plaintiff's litigation history compels the unavoidable conclusion that she has wielded her IFP status as a means of pursuing campaigns of harassment which no competent attorney would touch. Even without the benefit of her explicit admission to CHT's counsel that she views her IFP status as a license to flood the zone with lawsuits "for free" until her opponents fulfill her demands or otherwise "pay a price," Plaintiff's teeming list of *pro se* lawsuits, dominated by frivolous claims and malicious re-filings, lays bare her cynical abuse of the privilege. Given Plaintiff's history, coupled with the fact that her claims in the instant matter have already been dismissed with prejudice by the Vermont state courts, this Court should deny her Application and dismiss this action.

## CONCLUSION

The 50+ cases Plaintiff has filed in the last three years, in all of which she has proceeded or applied to proceed IFP, paint a clear portrait of a serial and vexatious litigant who, most charitably, views filing lawsuits as a form of entertainment or, more likely, as a means of harassing

perceived foes and forcing them to spend resources defending against frivolous or malicious claims. As shown not only by the high volume, frequency, and invariably unfavorable dispositions of Plaintiff's lawsuits, but also by her explicit representations to CHT's Vermont counsel, Plaintiff believes IFP status provides *carte blanche* to repeatedly file lawsuits "for free" until her opponents submit to her demands, no matter how attenuated from reality those demands may be or whether those same claims have already been dismissed with prejudice or otherwise precluded. Plaintiff should not be permitted to relitigate, "for free," claims which she knows she has already lost, and Plaintiff's chronic abuse of the IFP privilege should neither be countenanced nor subsidized. If Plaintiff wishes to pursue any further litigation against CHT concerning these already-dismissed claims, she should be required to do so at her own expense. Accordingly, CHT respectfully submits that Plaintiff's Application should be denied and this action dismissed.

Respectfully submitted,

*/s/ Alejandro Camacho*

Alejandro Camacho, US DC Bar ID MD0251
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
Telephone: 410-938-8800
Fax: 410-832-5650
acamacho@pklaw.com
*Counsel for Defendant, Champlain Housing Trust*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of June 2026, a copy of the foregoing was filed via the Court's ECF system and served via U.S. First Class Mail, postage prepaid, to:

Keren Sita
25 Franklin Street, Apartment 203
Essex Junction, VT 05452
*Plaintiff*

U.S. Department of HUD
Attn: Office of Regional Counsel
10 Causeway Street, 3rd Floor
Boston, MA 02222-1092
*Defendant*

Pursuant to Rule 5(d)(2)(D) of the Federal Rules of Civil Procedure, a copy of the foregoing was served on Defendant Cindy Reid who has no known address by leaving it with the Clerk via filing with the Court's ECF system.

/s/ *Alejandro Camacho*
Alejandro Camacho, US DC Bar ID MD0251