# EXHIBIT B

Vermont Superior Court
Filed 04/09/26
Chittenden Unit

MILANA CALENDARED

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-04814

**Keren Sita v. Champlain Housing Trust**

# ENTRY REGARDING MOTION

Title: Motion for Sanctions (Motion: 25)
Filer: Carl E Lindstrom
Filed Date: February 24, 2026

Defendant CHT has filed at least its third motion for sanctions in this action. Defendant seeks dismissal of this case as a discovery sanction under Rule 37(b)(2), based on Plaintiff Keren Sita's failure to attend her duly noticed deposition. The background and procedural history of this case and the parties' discovery process are accurately described in Defendant's motion. Plaintiff has failed to file any response to the motion.

In its earlier Entry re Motion, dated 11/17/2025, the Court stated that Defendant was entitled to conduct a deposition of Plaintiff, and in fact, this was likely the most efficient and effective way for discovery to proceed. Moreover, the Court clearly put Plaintiff on notice that if she did not attend such a deposition, the Court would "consider a further Rule 37(b) motion for sanctions by Defendant, up to and including dismissal of this action." *Id.*

In ruling on Defendant's instant motion, the Court considers the facts recited in the motion, which are supported by the attached exhibits. In addition, the Court relies on Plaintiff's well-documented history of conduct in this action and particularly her persistent, erroneous position that Defendant is not entitled to pursue discovery to investigate and understand the claims she has asserted and formulate its defenses. Based on this evidence, the Court finds that the record before it amply establishes that Plaintiff has acted in "bad faith [and] deliberate and willful disregard for the court's orders." *Polak v. Ramirez-Diaz*, 2025 VT 9, ¶ 34, 336 A.3d 383 (quotation omitted). Moreover, Plaintiff has repeatedly shown "callous disregard of the responsibilities" she owes "to the Court and to [her] opponent[]." *SynEcology Partners, L3C v. Bus. RunTime, Inc.*, 2016 VT 29, ¶ 19, 201 Vt. 424 (quotation omitted). Plaintiff has offered no response to Defendant's assertions, nor demonstrated that her "non-compliance is . . . due to factors beyond [her] control." *Id.* (quotation omitted). Further, there is no question that Plaintiff's actions prejudice Defendant, who is left without any ability to gain basic information about the events Plaintiff alleges and the legal wrongs she accuses Defendant of, impairing its "ability to go to trial" and threatening "to interfere with the rightful decision of the case." *Id.* ¶ 20 (quotation omitted).

Accordingly, Defendant's Motion for Sanctions is GRANTED. Pursuant to Rule 37(b)(2) of the Vermont Rules of Civil Procedure, it is HEREBY ORDERED that all of Plaintiff's claims in this action are DISMISSED with prejudice. Defendant's request for an

award of its reasonable attorney's fees and costs incurred in preparing to take Plaintiff's deposition and filing the sanctions motion is GRANTED pursuant to Rule 37(b)(2) and (d). Defendant shall submit any affidavit in support of a request for attorney's fees within 14 days. If nothing is filed, this matter shall be closed.

So Ordered.

Electronically signed on April 8, 2026 at 5:56 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge

Vermont Superior Court
Filed 05/22/26
Chittenden Unit

STATE OF VERMONT

SUPERIOR COURT
CHITTENDEN UNIT

CIVIL DIVISION
DOCKET NO. 24-CV-04814

KEREN SITA
Plaintiff,

v.

CHAMPLAIN HOUSING TRUST
Defendant.

**FINAL JUDGMENT ORDER**

This matter came before the Court on Defendant Champlain Housing Trust's ("CHT") Motion for Sanctions, filed on February 24, 2026. On April 9, 2026, the Court granted CHT's motion against Plaintiff Keren Sita and dismissed Plaintiff's claims against CHT. It is hereby ORDERED and ADJUDGED that:

1. Judgment enters in favor of Defendant CHT and against Plaintiff Keren Sita in the amount of $11,799.00.
2. The judgment amount consists of the collective value of the attorney's fees and costs awarded to CHT as V.R.C.P. 11 sanctions for Plaintiff's citation of non-existent authorities in multiple filings, and as discovery sanctions for Plaintiff's failure to provide or attend her noticed deposition.
3. Post-judgment interest shall accrue on the unpaid balance from the date of entry of this Judgment until paid in full at the statutory rate of 12% per annum, or $3.88 per day.

Electronically signed pursuant to V.R.E.F. 9(d)
05/21/2026 4:37:44 PM

Megan J. Shafritz
Superior Court Judge