**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEREN SITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-1419 (UNA) |
| | ) | |
| CHAMPLAIN HOUSING TRUST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a resident of Vermont, once "resided in transitional housing operated by Defendant Champlain Housing Trust at a property known as Harbor Place in Burlington, Vermont." Compl. at 4. She was the only Black resident, and she allegedly was treated differently than other residents because of her race. *See id*. at 4-5. For example, Plaintiff claimed to have been subject to "heightened scrutiny, increased inspections, and stricter enforcement of rules." *Id*. at 5. When "Plaintiff attempted to raise concerns regarding these conditions," *id*., a staff member approached her "on April 17, 2023, and provided [Plaintiff[ with a notice to vacate the premises," *id*., due to Plaintiff's "threatening behavior," *id*. Plaintiff has alleged that Champlain Housing Trust and its agents violated provisions of the Fair Housing Act, *see generally id*. at 6-10, and she demands compensatory and punitive damages, *see id*. at 10, and declaratory and injunctive relief, *see id*. at 11

According to Plaintiff, Champlain Housing Trust "participates in housing programs and activities that are federally regulated." Compl. at 3. Plaintiff represents that venue in the District of Columbia is proper "because Defendant operates within a federally regulated framework and [Plaintiff's] claims arise from conduct governed by federal civil rights statutes." *Id*. Not so. Generally, a civil action may be brought in the judicial district "in which any defendant resides,

if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1), or in the district "in which a substantial part of the events or omissions giving rise to the claim occurred, *id.* § 1391(b)(2). Plaintiff cannot demonstrate that venue is proper in this district by naming the U.S. Department of Housing and Urban Defendant, the headquarters of which is in the District of Columbia, as a party defendant. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Even if venue were proper in the District of Columbia, the Court dismisses the complaint.

Under 28 U.S.C. § 1915, the Court "shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious[, or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B). Having taken judicial notice of opinions and orders from other court proceedings, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002), the Court finds that Plaintiff has sued the Champlain Housing Trust four times, *see Sita v. Champlain Housing Trust*, No 2:26-cv-0193 (D. Vt. July 31, 2026) (ECF No. 5) (citing four cases, including the instant civil action, regarding Plaintiff's removal from transitional housing in April 2023).[1]

"A complaint that merely repeats pending or previously litigated claims may be considered abusive[.]" *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam).

---

[1] Attached to Defendant's opposition to Plaintiff's application for leave to proceed *in forma pauperis* is a copy of a complaint filed in the Vermont Superior Court. *See* Response Objecting to Plaintiff's Motion/Application (ECF No. 7), Ex. C (ECF No. 7-3). The Court notes the claims also arose from the April 17, 2023, incident at Harbor Place. Attached, too, is a copy of the Final Judgment Order in that case, reflecting its prior dismissal and imposing sanctions on Plaintiff for having cited non-existent legal authority in multiple filings and failing to appear for her noticed deposition. *Id.*, Ex. B (ECF No. 7-2) at 4.

This Court deems the instant complaint abusive and subject to dismissal as malicious.[2] *See, e.g., Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated); *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (same); *Hurst v. Counselman,* 436 F. App'x 58, 61 (3d Cir. 2011) (same); *Dantzler v. U.S. Equal Employment Opportunity Comm'n*, 810 F. Supp. 2d 312, 320 (D.D.C. 2011) ("[T]he court's review of the plaintiff's current claims and his previous claims indicate that the plaintiff's current claims have all been previously litigated in the Louisiana courts and, as such, should be considered abusive.").

Judicial resources are limited, and this Court declines to entertain another civil action against the same Defendant raising substantially similar claims. "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Plaintiff has had her bite.

An Order is issued separately.

2026.10.26
18:27:05 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 26, 2026

---

2 Similarly, a federal judge in Vermont observed that Plaintiff's conduct "seem[s] indicative of a motive to harass defendants and the court until she receives an adjudication in her favor, regardless of the legal merits of her claims." Entry Order Ordering Plaintiff to Show Cause Why a Filing Injunction Should Not Be Entered, *Sita v. Champlain Housing Trust*, No 2:26-cv-0193 (D. Vt. July 31, 2026) (ECF No. 5). So burdensome are Plaintiff's filings that she is enjoined from filing any new action in the District of Vermont without obtaining leave of court. *See* Order Entering a Filing Injunction and Dismissing Action, *Sita v. Champlain Housing Trust*, No 2:26-cv-0193 (D. Vt. Sept. 29, 2026) (ECF No. 8).